CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 1 6 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | Criminal No. 7:05CR00007 |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| JULIUS CHRISTOPHER CLAYTOR, ) | |
| ) | By: Hon. James C. Turk |
| Defendant. ) | Senior United States District Judge |

This case is before the court on the defendant, Julius Christopher Claytor's, pro se motion for a new trial based on the interest of justice and newly discovered evidence. The parties have briefed the issues and the matter is now ripe for decision. For the following reasons, the court denies the defendant's motion for a new trial.

### I. Factual Background

On June 8, 2005, the defendant was found guilty in a two day jury trial on all three counts of his second superseding indictment (Dkt No. 27): possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841 (Count I); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count II); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count III).

During the defendant's trial, the prosecution's two key witnesses were Monique Preston and Kenya Claytor. The prosecution presented evidence from these two witnesses that connected the firearm in question to the defendant. The record demonstrates that on multiple occasions, both witnesses contradicted their Grand Jury testimony with their trial testimony.

On June 24, 2005, the defendant filed his first motion for a new trial and a motion for an

1

acquittal arguing that the government did not present sufficient evidence for the jury to find that he possessed a firearm in furtherance of a drug trafficking crime. Oral arguments were heard and the court denied the defendant's motion. On September 20, 2005, the defendant filed a second motion for a new trial based on the affidavit testimony of Monique Preston purporting to recant her Grand Jury testimony. After reviewing the affidavit and hearing from Ms. Preston, the court again denied the defendant's motion for a new trial. An appeal of the final judgment is currently pending at the United States Court of Appeals for the Fourth Circuit.

The defendant makes his third motion for a new trial based on the interest of justice and newly discovered evidence pursuant to Fed. R. Crim. P. 33. Since the conclusion of the defendant's trial, both Ms. Preston and Ms. Claytor were prosecuted for, and pled guilty to, one count of perjury concerning their testimony at the defendant's trial. The defendant argues that these perjury convictions are "newly discovered evidence" and should result in a new trial.

## II. Analysis

Fed. R. Crim. P. 33(a) allows a court to vacate any judgment and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(b)(1) states that "any motion for a new trial grounded on newly discovered evidence must be filed within three (3) years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case." It is well-settled in the Fourth Circuit that a district court, despite the pendency of an appeal, has the jurisdiction to entertain a motion for a new trial. U.S. v. Christy, 3 F.3d 765, 768 n. 3 (4th Cir. 1993) (citing United States v. Russell, 971 F.2d 1098, 1113 n. 28 (4th Cir. 1992). Although the district court is without jurisdiction to grant the motion,

2

it may deny the motion or certify to the Court of Appeals that it intends to grant the motion, so that the Court of Appeals could, if it wished, entertain a motion to remand the case. Id.; In re Wright, 826 F.2d 1061 (4th Cir. 1987) (finding that a district court may consider and deny, but not grant a timely motion for a new trial filed after an appeal is begun) (citations omitted).

Motions for a new trial based on newly discovered evidence are reviewed pursuant to the five-prong test adopted in United States v. Chavis, 880 F.2d 788, 793 (4th Cir. 1989) (citations omitted): (i) is the evidence, in fact, newly discovered; (ii) are facts alleged from which the court may infer due diligence on the part of the movant; (iii) is the evidence relied upon not merely cumulative or impeaching; (iv) is the evidence material to the issues involved; and (v) would the evidence probably result in an acquittal at a new trial? The defendant generally must satisfy all five elements of the test in order to receive a new trial. See U.S. v. Fulcher, 250 F.3d 244 (4th Cir. 2001) (holding that, without ruling out the possibility that a rare example might exist, a new trial has never been granted unless all five elements were established) (citing United States v. Singh, 54 F.3d 1182, 1190 (4th Cir. 1995)); United States v. Custis, 988 F.2d 1355, 1359 (4th Cir. 1993) (holding that there may be an exceptional rare case that would justify a new trial solely on the basis of newly discovered impeachment evidence). This case is not the rare instance referred to by the Fulcher and Custis courts. Because the defendant fails to satisfy several of the five Chavis elements, his motion for a new trial will be denied.

The first element of Chavis is whether the evidence is, "in fact, newly discovered." 880 F.2d at 793. The court holds that the prosecution of Ms. Preston and Ms. Claytor for perjury is not newly discovered evidence. All of the inconsistencies that both witnesses were prosecuted for were heard by the jury during the defendant's trial. Both Ms. Preston and Ms. Claytor were

3

continually impeached at trial with their inconsistent Grand Jury testimony. That is, in fact, the very reason that they were prosecuted for perjury. Thus, the defendant fails to satisfy the first element of the Chavis test.

The third element of the Chavis test requires that the evidence relied upon not be merely cumulative or impeaching. 880 F.2d at 793. Similarly, the Custis court emphasizes that new evidence going only to the credibility of a witness does not generally warrant the granting of a new trial. 988 F.2d at 1359 (citing United States v. Stockton, 788 F.2d 210, 220 (4th Cir. 1986)); United States v. Williams, 415 F.2d 232, 233-34 (4th Cir. 1969)). The trial testimony by Ms. Preston and Ms. Claytor was undoubtably inconsistent with their prior statements they made before the Grand Jury and this led to their perjury convictions. Evidence of a conviction for perjury goes directly to the impeachment or credibility of a witness. Thus, assuming *arguendo* that the evidence offered by the defendant constitutes "new evidence," the perjury convictions of Ms. Preston and Ms. Claytor are still "merely impeaching" and fail the third Chavis element.

The final element of Chavis requires the court to find that the evidence would probably result in an acquittal at a new trial. 880 F.2d at 793. The defendant fails to satisfy the final Chavis element for the same reason he fails to satisfy the first element. All of the inconsistencies that resulted in the perjury convictions of Ms. Preston and Ms. Claytor were aired in front of the jury at trial. Under Fed. R. Crim. P. 801(d), the jury had the option of accepting their Grand Jury testimony as opposed to their contradicting testimony presented at trial. The court is not convinced that the defendant's evidence concerning the perjury convictions would result in an acquittal. Both witnesses were thoroughly impeached at trial and the jury chose to give more credibility to their Grand Jury testimony. Thus, because the evidence probably would not result

4

in an acquittal at a new trial, the defendant also fails to satisfy the fifth Chavis element.

## III. Conclusion

The defendant's motion for a new trial has no basis because he fails to demonstrate that the perjury convictions he offers as evidence constitute new evidence. Regardless, the convictions amount to nothing more than impeachment evidence. Finally, the defendant fails to show that the convictions would, in all probability, result in an acquittal if a new trial is granted. Furthermore, the court does not find that the interest of justice requires a new trial. For these reasons, the court denies the defendant's motion for a new trial.

ENTER: This 16th day of November, 2006.

James C. Turk
Senior United States District Judge