CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 0 8 2013

JULIA C. DUDLEY, CLERK
BY: /s/ [signature]

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JULIUS CHRISTOPHER CLAYTOR, | ) | CASE NO. 7:13CV00518 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA. | ) | |
| | ) | |
| | | |
| UNITED STATES OF AMERICA, | ) | CASE NO. 7:05CR00007 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JULIUS CHRISTOPHER CLAYTOR, | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Julius Christopher Claytor, a federal inmate proceeding pro se, filed a pleading that he styled as a "PETITION FOR RELIEF PURSUANT TO THE ALL WRITS ACT UNDER 28 U.S.C. § 1651." Because he was challenging his federal sentence, the court initially construed and filed his submission, in a separate civil action, as a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] Upon further investigation of Claytor's allegations, however, the court concludes that he is not entitled to relief under the only authority he cites, § 1651, and his pleading is properly construed as a motion to vacate, set aside or correct the sentence, pursuant to

---

[1] The court notes that Claytor cannot bring his claims in this court under § 2241, as such petitions must be filed in the district of confinement, and Claytor is incarcerated in West Virginia. In re Jones, 226 F.3d 328 (4th Cir. 2000).

28 U.S.C. § 2255, in his criminal proceedings, Case No. 7:05CR00007, and summarily dismissed as successive under § 2255(h).[2]

Claytor was convicted in this court after a jury trial in June of 2005 of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841 (Count One); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Two); and possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g) (Count Three). The court departed downward to sentence Claytor to concurrent terms of 120 months on Count One and 240 months each on Counts Two and Three, for a total of 240 months. Claytor's appeal was unsuccessful. Claytor then filed a § 2255 motion, raising numerous claims, which the court dismissed as without merit. United States v. Claytor, Case No. 7:05CR0000/7: 2009 WL 366322 (W.D. Va. 2009), appeal dism'd, 328 F. App'x 258 (4th Cir. 2009), cert. denied, 132 S. Ct. 2447 (2012).

In his current pleading, Claytor asserts that the court should revisit his convictions and sentences under the All Writs Act. He argues that the court erred in running his sentences concurrent to each other and that he should have been sentenced to a concurrent term of fifteen years under 18 U.S.C. § 924(e) instead of 240 months under § 924(c). Based on these alleged errors, Claytor asserts that the court should vacate the judgment under § 1651 and resentence him to 180 months in prison.

Claytor fails to state any claim cognizable under § 1651. The "All Writs Act is a residual source of authority to issue writs that are not otherwise covered by the statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Carlisle v. United States, 517 U.S. 416, 429 (1996). As such, common law

---

[2] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

writs under § 1651 are not available to an inmate to raise claims that were or could have been raised through other remedies, such as a motion for new trial or a motion to vacate sentence under 28 U.S.C.A. § 2255. Because Claytor's current challenge to the legality of his sentence as imposed could have been raised in his § 2255 motion, he cannot recast the claim as arising under § 1651. Therefore, the court must deny his § 1651 petition.

The court also construes Claytor's petition as a second § 2255 motion. Since Claytor has already taken his bite of the § 2255 apple, his current motion is a second or successive one under § 2255(h) and, absent the required certification from the court of appeals, must be dismissed as such. See Gonzales v. Crosby, 545 U.S. 524, 531-325 (2005) (authorizing district court to construe post-conviction motion as successive § 2255 to prevent defendants from circumventing procedural limits of § 2255). Claytor offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion. Therefore, the court dismisses his motion as successive. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This ____ day of November, 2013.

_____
Senior United States District Judge

3