IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. 7:05-cr-00007-001 |
| v. | ) |
| | ) By: Elizabeth K. Dillon |
| JULIUS C. CLAYTOR | ) United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Defendant, Julius C. Claytor, proceeding *pro se* moves for a reduction in sentence pursuant to Amendments 750 and 782 of the United States Sentencing Guidelines (USSG) and 18 U.S.C. § 3582(c)(2). For the reasons that follow, the court will deny Claytor's motion.

I. BACKGROUND

On June 8, 2005, a jury convicted Claytor of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Count One), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Two), and possession of a firearm after being convicted of a felony in violation of 18 U.S.C. § 922(g) (Count Three). (Dkt. Nos. 27, 41, 63.) The presentence investigation report suggested a guideline range of 360 months to life based on Claytor's designation as a career offender. (Dkt. No. 152 at 17.) At sentencing, the court adopted the presentence report and the guideline range but granted a downward variance and imposed a sentence of 240 months as to Counts One and Two, and 120 months as to Count Three, all to run concurrently. (Dkt. No. 63.)

Claytor filed a motion to reduce his sentence pursuant to Amendment 750 and Section 3582(c)(2) on January 10, 2020, seeking immediate release. (Dkt. No. 150.) The government objected, noting that Claytor's guideline range was based on his designation as a career criminal and therefore is not subject to reduction. (Dkt. No. 157.) In his reply brief, Claytor instead

argues that he is entitled to a reduction pursuant to Amendment 782. He also advances a number of arguments as to why his career offender designation should not affect the court's decision. (Dkt. No. 158.)

## II. DISCUSSION

Amendments 750 and 782 to the USSG reduced base offense levels for various drug-related offenses. These amendments were made retroactive by the Sentencing Commission such that courts may grant reductions to defendants previously sentenced, subject to a few exceptions. USSG § 1B1.10(d) (2018). Notably, pursuant to 18 U.S.C. § 3582(c)(2) and the USSC Policy Statement, courts may reduce a defendant's sentence only where an amendment has "the effect of lowering the defendant's applicable guideline range." *Id.* § 1B1.10(a)(2). Accordingly, "a defendant whose base offense level was calculated under the career offender guideline is not eligible for reduction under these amendments."[1] *United States v. King*, No. 1:08CR00041, 2019 WL 117816, at *1 (W.D. Va. Jan. 7, 2019); *see also United States v. Dean*, 699 F. App'x 173 (4th Cir. 2017) (unpublished) ("[W]e conclude that Dean is not entitled to relief because he was sentenced as a career offender, and the career offender Guideline was not impacted by Amendment 782.").

Claytor asserts that because the sentencing judge "did not apply the career offender" guideline range, he is eligible for a reduction. (Mot. 1, Dkt. No. 150.) However, the threshold question is not whether the amendment affects the defendant's *applied* guideline range. Rather, the amendments apply to the guideline range determined *before* applying any departures. *United States v. Muldrow*, 844 F.3d 434, 439 (4th Cir. 2016) (discussing the USSG's definition of

---

[1] A defendant is a career offender if he is at least eighteen years old at the time the offense was committed, the offense was a felony involving either a "crime of violence" or a "controlled substance offense," and the defendant has at least two other such convictions. USSG § 4B1.1(a).

2

"applicable guideline range"); *United States v. Quarles*, 889 F. Supp. 2d 783, 787–88 (E.D. Va. 2012); *see also* USSG § 1B1.10 n.1(a) (defining "applicable guideline range" as "the guideline range that . . . is determined before consideration of any departure provision in the Guidelines Manual or any other variance"). Because the sentencing judge adopted a guideline range based on Claytor's career offender status before varying downward from that range, Claytor's "applicable guideline range" is based on his status as a career offender and is not affected by either amendment.

Claytor further argues that he should not be designated a career offender, citing to *United States v. Bond*, No. 3:18-00210, 2019 WL 5957203 (S.D.W. Va. Nov. 12, 2019), and related cases. In *Bond*, the court resolved an inconsistency between the USSG commentary, which suggests that a "controlled substance offense" includes inchoate crimes such as conspiracy or attempt, and the USSG definition of "controlled substance offense," which does not include inchoate crimes. The court held that "the plain text of § 4B1.2(b) compels the Court to exclude inchoate crimes as predicate offenses for the career offender designation." *Id.* at *3; *see also United States v. Winstead*, 890 F.3d 1082 (D.C. Cir. 2018). The Fourth Circuit has taken a similar—albeit less categorical—approach. In *United States v. Whitley*, 737 F. App'x 147, 149 (4th Cir. 2018), the court stated that "[a]n enhanced sentence may follow a conviction for an inchoate crime only if the defendant's conviction necessarily establishes that he was found guilty of a crime whose elements encompass both the generic inchoate crime and the generic underlying crime." *Id.* (quoting *United States v. McCollum*, 885 F.3d 300, 305 (4th Cir. 2018)); *see also United States v. Dozier*, 848 F.3d 180, 182 (4th Cir. 2017) ("[S]entencing courts must compare the state and generic elements of [statutes criminalizing inchoate offenses] as well as

the elements of the underlying substantive statutory offense when determining whether a prior attempt conviction qualifies as a controlled substance offense.").

Thus, even if § 3582(c)(2) permitted the court "to change guideline determinations made at sentencing other than those made retroactive by the Sentencing Commission," *King*, 2019 WL 117816, at *2, the line of cases on which Claytor relies is inapposite. Claytor was convicted in 1991 and 1998 of distribution of cocaine, among other things. As stated above, the conviction at issue here was for possession of cocaine with the intent to distribute. The USSG definition of "controlled substance offense" expressly includes distribution and "possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b). Thus, even if § 3582(c)(2) permitted the court to review Claytor's status as a career offender, Claytor's arguments are ineffectual.

Because Claytor's guideline range is based on his designation as a career offender, neither Amendment 750 nor Amendment 782 affect his "applicable guideline range."[2] He is therefore ineligible for a reduction pursuant to either amendment to the USSG.

### III. CONCLUSION

For the reasons set forth above, it is hereby ORDERED that Claytor's motion for a reduction in sentence and immediate release (Dkt. No. 150) is hereby DENIED. The clerk is directed to provide a copy of this memorandum opinion and order to defendant, counsel for the United States, and the United States Probation Office.

Entered: March 5, 2020.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

---

[2] Because Amendment 750 reduced the base offense levels for offenses involving cocaine base, and not cocaine, it would not apply to Claytor's conviction for distribution of cocaine in any event.